UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROHAN R.,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX FACILITY, et al.,

Respondents.

No. 1:26-cv-03155-TLN-JDP

A # 246-990-645

**ORDER**

This matter is before the Court on Petitioner Rohan R.'s [1] ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  For the reasons set forth below, the Court GRANTS the Petition for Writ of Habeas Corpus and orders Respondents to IMMEDIATELY RELEASE Petitioner.

///

///

///

---

[1]   As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND[2]

Petitioner is a noncitizen who entered the United States without inspection in or around June 2023 near Lukeville, Arizona. (ECF No. 1 at 9.)  Petitioner subsequently filed an application for asylum. (*Id.*)  In the time since, Petitioner developed strong ties to his community, including residence in Fresno, California. (*Id.* at 11.)  He has no criminal history. (*Id.*)  Since April 11, 2026, Petitioner has been in U.S. Immigration and Customs Enforcement ("ICE") custody. (*Id.* at 10.)  Petitioner is detained at the Golden State Annex. (*Id.*)  He has remained in immigration detention without an individualized bond hearing since his arrest. (*Id.* at 2.)

On April 24, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus and Motion for TRO, challenging the lawfulness of his civil detention and seeking release. (ECF Nos. 1, 2.)  On April 24, 2026, the Court granted Petitioner's motion for TRO and ordered Respondents to show cause why the Petition should not be granted. (ECF No. 4.)  On April 28, 2026, Respondents filed an Opposition to Petition for Writ of Habeas Corpus. (ECF Nos. 6, 7.)  Petitioner did not file a reply.  The Court now considers the Petition on its merits.

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

---

[2]   These facts come from Petitioner's habeas petition. (ECF No. 1.)  Respondents do not contest these facts. (*See generally* ECF Nos. 6, 7.)

### III.    ANALYSIS

Petitioner claims his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause.[3]  (ECF No. 1 at 11–14.)  In opposition, Respondents contend Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").  (ECF Nos. 6, 7.)

### A.    Immigration and Nationality Act

Section 1226(a) of the INA "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal."  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  The statute affords the Government broad discretion whether to release or detain the individual.  *Id.*  It also provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change."  *Id.* at 1202.  Conversely, § 1225(b)(2) mandates detention during removal proceedings for "applicants for admission" who are "seeking admission" and does not provide for a bond hearing.  *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).  Until the U.S. Department of Homeland Security changed its policy in July 2025, the Government consistently applied § 1226(a), not § 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.

The Court is not persuaded by Respondents' assertion that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2).  Courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2) to noncitizens like Petitioner.  *See e.g.*, *Hortua v. Chestnut*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases).

---

[3]    Petitioner also challenges his detention as violating the Administrative Procedure Act. (ECF No. 1 at 14–15.)  As the Court concludes Petitioner's detention violates the Immigration and Nationality Act and the Due Process Clause, the Court need not address Petitioner's other claims.

"These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Respondents put forth no new arguments or facts justifying reconsideration in this case. Thus, for the aforementioned reasons and consistent with this Court's numerous prior rulings, the Court finds Petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2). Petitioner's detention is instead governed by § 1226(a) and he is entitled to the process so required including, at a minimum, a bond hearing. Having been denied the process owed to him under § 1226(a), Petitioner's detention violates the INA.

B.     Fifth Amendment Due Process Clause

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989);

4

*Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### i.    Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)).  "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause.  Petitioner has lived in the United States for almost three years during which time he built a life and developed strong ties to his community.  Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause.  *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.

### ii.    Process Required

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the Government's actions detaining him.  The amount of time Petitioner spent at liberty underscores the gravity of its loss.  *See Doe*, 787 F. Supp. 3d at 1094. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. Respondents do not argue Petitioner is a danger to the public or a flight risk. Petitioner has no criminal history and established ties to his community. Therefore, the risk that he is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondents and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

**IV.   CONCLUSION**

Accordingly, the Court GRANTS the Petition for Writ of Habeas Corpus.[4] (ECF No. 1.) IT IS HEREBY ORDERED:

1.   Respondents must IMMEDIATELY RELEASE Petitioner Rohan R. (A # 246-990-645) from custody. At the time of release, Respondents must return all of Petitioner's

---

[4]   Petitioner also sought an award of attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 1 at 16.) The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.

6

documents and possessions and shall not impose any additional restrictions on him as a condition of his release. **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2.     Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future; or (b) Respondents demonstrate by clear and convincing evidence before a neutral decisionmaker that the Government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.     **The Clerk of Court is directed to serve the Golden State Annex with a copy of this Order.**

4.     The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: May 1, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE